# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL KEMPER**, <br><br> Plaintiff, <br><br> v. <br><br> **MWH CONSTRUCTORS, INC.**, a foreign corporation, and **INTEL CORPORATION,** a foreign corporation, <br><br> Defendants. | Case No. 3:21-cv-145-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Michael Kemper sued Defendant MWH Constructors, Inc. (MWH) and Intel Corporation (Intel) (collectively, Defendants) in Multnomah County Circuit Court. Defendants removed the case to this Court. Against both Defendants, Plaintiff alleges claims of negligence under Oregon common law, negligence *per se* based on Oregon's Safe Employment Act ("OSEA"'), and a violation of Oregon's Employer Liability Law (ELL), Oregon Revised Statutes (ORS) § 654.305. Plaintiff also alleges a claim against Intel for premises liability. Defendants move to dismiss all claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A. Standards**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## B. Background

Plaintiff alleges that he was injured as follows:

> [P]laintiff was working inside the Water Treatment Facility at defendant Intel's Ronler Acres Campus, attempting to locate a wall-mounted flow meter to verify that the device was wired correctly. After locating the flow meter, which was permanently mounted high up on the wall with large piping running beneath it, Kemper stepped backward to see above the piping and gain the necessary view of the device and its wiring. As he moved backward, plaintiff's foot and lower leg unexpectedly hit a conduit "stub-up" pipe that protruded from the concrete walkway surface. Kemper lost his balance and tripped, falling backwards down to the walkway surface.
>
> * * *
>
> During the fall plaintiff's hard hat fell off his head and as he landed, the back of Kemper's unprotected head struck a raised section of the concrete floor. Kemper landed with his shoulders, back, and head up against a raised eighteen-inch (18") concrete curb.

ECF 1-1 at 3 (Compl. ¶¶ 4-5).

## C. Negligence Claim

Defendants argue that the Court should dismiss Plaintiff's negligence claim because it was not foreseeable that a person would walk backwards while looking up and trip over a "stub-up" pipe. "The concept of foreseeability embodies a prospective judgment about a course of events; it 'therefore ordinarily depends on the facts of a concrete situation' and, if disputed, is a jury question." *Piazza v. Kellim*, 360 Or. 58, 69-70 (2016) (quoting *Fazzolari v. Portland School Dist. No. 1J*, 303 Or. 1, 4 (1987)).

The Court disagrees with Defendants' characterizations of Plaintiff's allegations. Plaintiff's allegations do not simply describe a person walking backward while looking up.

Based on Plaintiff's allegations, a reasonable jury could determine that it was foreseeable that (1) placing a flow meter (that reasonably requires checking), (2) with large piping under it blocking it from view from underneath, (3) with a trip hazard behind it, and (4) a curb behind that, is reasonably foreseeable to cause injury. A reasonable jury could conclude that it is reasonably foreseeable that a person checking the flow meter would need to step backward to see the meter and might trip on the pipe and fall on the curb. Plaintiff's allegations suffice at this stage of the litigation to allege foreseeability under Oregon law.

Defendants next argue that the Court should dismiss Plaintiff's negligence claim against Intel as duplicative. Defendants assert that Plaintiff cannot allege both a common law negligence claim and a premises liability claim against Intel. Defendants argue that the more specific premises liability claim supersedes the negligence claim. Plaintiff responds that he pleads the two claims in the alternative.

The only authority cited by Defendants is a case under Washington law. *Hafliger v. Georgia Pac. Consumer Prods. (Camas) LLC*, 2016 WL 8710003, at *2 (W.D. Wash. Jan. 22, 2016). The Court, however, agrees with U.S. Magistrate Judge John V. Acosta that Plaintiff may allege the claims in the alternative. *Anderson v. Intel Corp.*, 2021 WL 1401492, at *3 (D. Or. Apr. 14, 2021) ("The court agrees with Anderson that a plaintiff may allege negligence and premises liability claims in the alternative. Here, Anderson pursues alternative theories of liability: she sues Intel for negligence because she slipped and fell on a pipe strap in the basement of Intel's D1B building, and for premises liability because of Intel's failure to maintain a reasonably safe premises for Anderson as a business invitee. Accordingly, Intel's motion to dismiss claim one as duplicative of claim five is denied." (citations omitted)).

**D.  ELL Claim**

Defendants argue that Plaintiff's ELL claims fail because Plaintiff does not allege that he was engaged in work involving risk or danger when he was injured and because he does not allege that Defendants had sufficient control. The Court agrees that Plaintiff fails to allege his work was "inherently dangerous." *Kruse v. Coos Head Timber Co.*, 248 Or. 294, 304 (1967).

The Oregon Supreme Court has interpreted "work involving a risk or danger to . . . employees" under ORS § 654.305 to include both the worker's discrete task and the circumstances under which the worker performs that task. *Woodbury v. CH2M Hill, Inc.*, 335 Or. 154, 161-62 (2003) (holding the plaintiff's "work involving a risk or danger" was not merely "moving the boards to facilitate disassembly of the platform," but included "requiring [the] plaintiff to work at height during the assembly, use, and disassembly of the platform"). For work to be cognizable under the ELL, it must be "so inherently dangerous or present[] dangers so uncommon that the employment would be classed as work involving 'risk or danger' and thus come under the Act." *Kruse*, 248 Or. at 304.

In *Anderson*, Judge Acosta concluded that allegations that a worker had to walk in a basement that was poorly lit, cluttered, dusty, and slippery were sufficient to state a claim under the ELL. Plaintiff's allegations here, however, do not rise to that level. He alleges a single "stub-up" pipe that, although perhaps not in the best location, particularly combined with the placement of the flow meter and the pipe underneath the flow meter, appears to have been visible and in a location free from clutter and slipperiness. Although it may have been foreseeable that someone could have missed noticing the "stub-up" pipe in entering the area to check the flow meter and ultimately trip on it stepping backward while checking the meter, that does not make the fact that it was there inherently dangerous under the ELL. Working around trip hazards is not

so uncommon that the employment should be classified as work involving risk or danger.

Plaintiff's ELL claims are dismissed with leave to amend.

E.  **Negligence *per se* Claims**

Defendants argue that Plaintiff does not adequately allege a claim of negligence *per se* because indirect employers such as Defendants are not covered under the OSEA, citing several opinions from the Oregon Court of Appeals. Plaintiff responds that the Court should disregard those opinions and instead rely on an older Oregon Supreme Court decision, *Miller v. Georgia Pacific Corp.*, 294 Or. 750 (1983), to conclude that the Oregon Supreme Court would hold differently. The Court finds persuasive the reasoning of U.S. District Court Judge Karin J. Immergut on this issue:

> Finally, Plaintiff cites *Miller v. Georgia Pacific Corp.* for the proposition that the OSEA applies to indirect employers. In *Miller*, the Oregon Supreme Court held that OSEA safety codes "apply to all workplaces." 294 Or. at 759. Despite this broad statement, the court did not analyze the specific terms of individual safety codes as the Oregon Court of Appeals did in later cases. Plaintiff has not demonstrated any "convincing evidence" that the Oregon Supreme Court would reject the intermediate appellate court's decisions in *Brown* and *George*. *See In re Watts*, 298 F.3d 1077, 1082-83 (9th Cir. 2002) (holding that a federal court sitting in diversity jurisdiction is bound by decisions of the state intermediate appellate court absent "convincing evidence" that the state supreme court would reject them). Accordingly, this Court grants Defendant Gardner's motion to dismiss count four of Plaintiff's second claim.

*Miller v. Goodyear Tire & Rubber Co.*, 434 F. Supp. 3d 877, 886 (D. Or. 2020) (citations omitted).

Plaintiff also argues that the OSEA applies to owners, such as Intel. The Court agrees with Defendants that Plaintiff has not alleged in the Complaint any provision of the OSEA that applies to owners. Thus, Plaintiff's negligence *per se* claims are dismissed. Plaintiff has to leave to amend these claims against Intel if Plaintiff can allege any provision of the OSEA relating to

owners and facts supporting claims under such a provision. Plaintiff does not have leave to amend these claims against MWH.

**F.  Premises Liability Claim**

Defendants move to dismiss Plaintiff's claim against Intel for premises liability, making essentially the same argument they made against Plaintiff's negligence claim—that the harm alleged by Plaintiff was not foreseeable. For the same reasons the Court denied Defendants' motion to dismiss Plaintiff's negligence claim, the Court denies this portion of Defendants' motion.

**G.  Conclusion**

The Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss (ECF 6). The Court dismisses Plaintiff's claims of negligence *per se* and violation of Oregon's Employer Liability Law. Plaintiff has leave to file an amended complaint by May 26, 2021, if Plaintiff can cure the deficiencies identified in this Order.

**IT IS SO ORDERED.**

DATED this 12th day of May, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge